No. 83–6211. HARRIS *v.* TEXAS. Ct. Crim. App. Tex. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

A grand jury in Harris County, Tex., indicted petitioner for the sexual assault of a white woman. Petitioner, a Negro with no

previous criminal record, denied the charge and maintained that he was at home at the time of the crime. There were no witnesses to the assault, and no physical evidence linking petitioner to the offense. From the nature of the State's case, it was clear that petitioner's fate would turn on whether the jury accepted the identification of the white victim or believed the sworn denial of a Negro defendant. After an extensive *voir dire* and for-cause challenges, eight Negroes were left in the jury panel. The prosecution then used eight peremptory challenges to remove these Negroes. With its two remaining peremptories, the prosecution removed the two members of the venire with Hispanic surnames. Over defense counsel's objection, an all-white jury proceeded to convict petitioner of the offense charged. Petitioner was sentenced to 12 years in the Texas Department of Corrections.

This petition presents what I consider to be a prima facie violation of the Sixth and Fourteenth Amendments. Petitioner's defense rested entirely on the jury's assessment of the credibility of two witnesess, one Negro and one white. Under these circumstances, when the prosecution challenges every Negro member of the venire, the inescapable implication is that the prosecutor proceeded on the assumption that Negro jurors would be more likely than white jurors to believe a Negro defendant's version of the facts. In *Taylor* v. *Louisiana*, 419 U. S. 522, 528 (1975), the Court held that criminal defendants are entitled to a jury drawn from a "representative cross section of the community." When the prosecution employs its peremptory challenges to remove from jury participation all Negro jurors, the right guaranteed in *Taylor* is denied just as effectively as it would be had Negroes not been included on the jury rolls in the first place.

Over the past year, I have repeatedly urged my colleagues to grant certiorari in similar cases in which state prosecutors have blatantly employed peremptory challenges to remove Negro jurors. See *Williams* v. *Illinois*, 466 U. S. 981 (1984) (MARSHALL, J., dissenting); *Gilliard* v. *Mississippi*, 464 U. S. 867 (1983) (MARSHALL, J., dissenting); *McCray* v. *New York*, 461 U. S. 961, 963 (1983) (MARSHALL, J., dissenting). The Court, however, remains satisfied that *Swain* v. *Alabama*, 380 U. S. 202 (1965), adequately protects criminal defendants against prosecutorial misuse of peremptory challenges. As the facts of this case reveal, the Court's reliance on *Swain* is grossly misplaced. If *Swain* protects anyone, it is the prosecution.

Under *Swain* it is presumed that prosecutors use peremptory challenges to obtain a fair and impartial jury. *Id.*, at 222. That a prosecutor excludes all Negro jurors in a particular case does not rebut this presumption. To establish a *Swain* violation, a criminal defendant must demonstrate that the State has systematically excluded Negro jurors in case after case over an extended period of time. *Id.*, at 223–224. In this case, petitioner's attorney gamely attempted to satisfy *Swain*'s burden of proof. Defense counsel set out to show that prosecutors in Harris County routinely employ peremptory challenges to exclude Negro jurors in cases involving the credibility of a white complainant and a Negro defendant. At a hearing held before the trial court, Judge Joseph Guarino, a Texas District Judge with 28 years of experience in the county's criminal justice system, testified on behalf of petitioner. Judge Guarino stated he could not recall a single instance in which a Negro juror sat on a petit jury in a criminal case in which the complainant was white and the defendant Negro. Judge Miron Love, another judge from the county, agreed that in "most of those cases" the prosecution " 'would eliminate most of the black jurors' through the exercise of peremptory challenges." The testimony of Judge Guarino and Judge Love was corroborated by a variety of informed witnesses. Craig Washington, a defense attorney in the county, testified that in the past decade he had participated in roughly 140 criminal cases in which the complaining witness was white and the defendant Negro. In only two of these cases did Negroes ultimately sit on the jury, and in these cases it was only because the prosecution ran out of peremptory challenges. Jacquelyn Miles, a court reporter in Harris County, stated that over the last four years she had transcribed testimony in 20 to 25 criminal cases with white complaining witnesses and Negro defendants, and she could not recollect a single case in which a prospective Negro juror had been empaneled. Other witnesses for petitioner, including lawyers who had served under the county's District Attorney, confirmed that in this class of cases, the exclusion of Negro jurors was "the general rule."

In the face of this well-marshaled evidence, the county brazenly denied that it had a policy of excluding Negro jurors. A supervising attorney for the County District Attorney claimed that he had never advised prosecutors to exclude Negro jurors. In support of the county's claim, several Assistant District Attorneys testified under oath as to trials in which Negroes had served on the jury

even though the case involved Negro defendants and white complainants. A judge testifying on behalf of the county recalled numerous occasions on which Negroes had served on juries. The thrust of the county's rebuttal was that petitioner's witnesses were familiar with only a sampling of the county's criminal docket whereas the county's witnesses were exposed to the District Attorney's entire docket. Apparently, the trial judge found this line of argument convincing because he ruled that petitioner had failed to establish a constitutional violation under *Swain* v. *Alabama.*

The lesson to be drawn from petitioner's case is that *Swain* is an insurmountable hurdle for criminal defendants. The prosecution will always be able to claim that it has greater familiarity with prosecutorial practices than defense counsel, and the prosecution will always deny that it has a policy of excluding Negro jurors. In even the most discriminatory jurisdictions, there will always be cases in which Negro jurors have at one time or another served on jury panels. If, therefore, an official denial of prosecutorial misuse buttressed by vague recollections of a few Negro jurors who have actually been empaneled is enough to rebut evidence of the quality presented by petitioner in this case, then as a practical matter it is impossible to satisfy the *Swain* standard. Cf. *United States* v. *Childress*, 715 F. 2d 1313, 1316 (CA8 1983) (en banc) (finding only two reported cases in which defendants had prevailed under *Swain* since 1965), cert. denied, 464 U. S. 1063 (1984).

In the 19 years since *Swain* was handed down, prosecutorial abuse of peremptory challenges has grown to epidemic proportions in certain regions of the country. See also *Williams* v. *Illinois, supra.* I respectfully dissent.