

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-1996

# Sistrunk v. Vaughn

Precedential or Non-Precedential:

Docket 95-1848

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Sistrunk v. Vaughn" (1996). *1996 Decisions.* Paper 78.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/78

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

N0. 95-1848


EDWARD SISTRUNK

v.

DONALD VAUGHN, SUPERINTENDENT, SCI GRATERFORD;
ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA;
AND THE DISTRICT ATTORNEY OF PHILADELPHIA COUNTY

Appellants
(Caption amended per the Clerk's 2/26/96 order)



On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 90-cv-01415)


Argued June 11, 1996

BEFORE:  STAPLETON, GREENBERG, and ALDISERT, Circuit Judges

(Opinion Filed September 19, 1996)

(Argued)

Goldberger

Attorney

Litigation

Peter Goldberger

Pamela A. Wilk
Law Office of Peter

50 Rittenhouse Place
Ardmore, PA 19003-2276
 Attorneys for Appellee

Lynne Abraham
District Attorney
Arnold H. Gordon
First Assistant District

Ronald Eisenberg
Deputy District Attorney
Donna G. Zucker (Argued)
Chief, Federal

Office of the District Attorney

1421 Arch Street
Philadelphia, PA 19102
 Attorneys for

Appellants


OPINION OF THE COURT



STAPLETON, Circuit Judge:


        Respondent appeals from the grant of habeas corpus relief to Petitioner Edward Sistrunk, a state prisoner. Sistrunk's petition alleges three grounds for relief.  First, he asserts that the prosecutor at his trial exercised peremptory challenges to exclude black venirepersons from the jury in violation of the Equal Protection Clause.  Second, he contends that he was denied effective assistance of counsel in violation of the Sixth Amendment because his appellate counsel failed to press his Equal Protection claim on direct appeal.  Finally, Sistrunk insists that other misconduct of the prosecutor at his trial deprived him of his liberty without due process of law.  We will reverse the judgment granting relief.

                            I.
        In 1971, Sistrunk was convicted for participating in the robbery and arson of a furniture store, during which one employee was murdered and others assaulted.  On state collateral review, he was awarded a new trial due to ineffective assistance of trial counsel.  In 1981, he was tried again on the same charges.  During jury selection, Sistrunk's new defense counsel objected to the prosecutor's use of peremptory challenges to remove black venirepersons.  The court overruled the objections in accordance with the then-prevailing law of Swain v. Alabama, 380 U.S. 202 (1965).  Under Swain, the defendant, in order to show a violation of the Equal Protection Clause, was required to show a pattern and practice of racial discrimination in jury selection across multiple prosecutions, evidence that was not tendered by Sistrunk during his second trial.  As a result, petitioner, who is black, went to trial with an all-white jury. He was again convicted.
        On direct appeal, the defendant's newly appointed appellate counsel did not pursue the jury selection, equal protection claim despite a request from petitioner that it be pursued.  In April 1985, after the appellate brief had been filed but before oral argument, the United States Supreme Court granted certiorari in Batson v. Kentucky, 471 U.S. 1052 (1985). Petitioner's conviction was affirmed by the Pennsylvania Superior

Court.  He then sought discretionary review by the Pennsylvania Supreme Court.  While his petition for review was pending, the U.S. Supreme Court decided Batson, holding that the Equal Protection Clause is violated whenever a state prosecutor exercises a peremptory challenge to exclude a venireperson from the jury because of his or her race.  See 476 U.S. 79, 96–98 (1986).  A year after deciding Batson, but before the Pennsylvania Supreme Court had ruled on petitioner's application for review, the United States Supreme Court decided Griffith v. Kentucky, 479 U.S. 314 (1987), which applied Batson retroactively to all cases pending on direct review at the time Batson was announced.  Accordingly, if petitioner's jury selection claim had been pressed on direct appeal, and the state supreme court had granted review, Batson would have been governing precedent.

The Pennsylvania Supreme Court denied review, and Sistrunk filed a Pennsylvania Post-Conviction Relief Act (PCRA) petition raising two issues:  whether he was entitled to direct relief under Batson, and whether he was denied effective assistance of appellate counsel when his court-appointed attorney failed to pursue the jury selection issue on direct appeal.  The PCRA court held a hearing in 1992, during which both the petitioner and the prosecutor testified, but not the petitioner's appellate counsel.  With respect to the first claim, the court held that petitioner was not entitled to relief under Batsonbecause the issue had not been urged on appeal.  The court nonetheless found that, even if Batson applied, the prosecutor had "presented credible and racially neutral reasons for each peremptory challenge she exercised," and that she "did not exercise peremptory challenges in a purposefully racially discriminatory manner."  Commonwealth v. Sistrunk, Feb. Term, 1971, No. 0794–0820, slip op. at 9–10 (Pa. C.P. Sept. 13, 1993).  With respect to the second issue, the court held that performance of Sistrunk's appellate counsel was not ineffective because she was not required to predict future developments in the law.

On appeal from the adverse judgment in the PCRA proceeding, the Superior Court held that because the adverse determination of the direct Batson claim by the trial court had not been appealed, that claim had been "previously litigated" within the meaning of the PCRA, and could not be a basis for relief in a PCRA proceeding.  See Commonwealth v. Sistrunk, 647 A.2d 267 (Pa. Super. 1994) (table).  On the ineffective assistance claim, the court applied Pennsylvania's three-pronged ineffective assistance analysis.  The first prong is a threshold test requiring the court to determine if the issue underlying the ineffective assistance claim has arguable merit.  Only if the underlying claim has merit does a Pennsylvania court go on to assess whether counsel's performance was constitutionally ineffective and whether defendant was prejudiced thereby, as required by Strickland v. Washington, 466 U.S. 668, 687 (1984). See Commonwealth v. McNeil, 487 A.2d 802, 806 (Pa. 1985).  The Superior Court held that the underlying Batson issue was meritless, and counsel's performance could not, therefore, be deemed ineffective.  In reaching this conclusion, the Superior Court first found that Batson applied to petitioner's ineffective

assistance claim, and that he had established a prima facie case under Batson. The court then deferred to the PCRA trial court's findings that the prosecutor had advanced credible and racially neutral reasons for exercising each of her peremptory challenges and that the prosecutor did not exercise her peremptories in a purposefully discriminatory manner. The Superior Court did not determine whether appellate counsel's conduct met professional standards of reasonableness. The state Supreme Court refused to grant review, see Commonwealth v. Sistrunk, 655 A.2d 987 (1995), thus exhausting Sistrunk's state remedies.

Sistrunk then pursued the present federal habeas corpus petition. Without holding a hearing, the magistrate judge issued a report and recommendation concluding that the prosecutor's use of peremptory challenges violated Batson and that Sistrunk's appellate counsel had rendered constitutionally ineffective assistance. The magistrate judge acknowledged that 28 U.S.C. § 2254 requires a federal habeas court to defer to state court findings of fact, but nonetheless held that a review of the record did not fairly support the state court's findings of fact regarding the motivation behind the state's peremptory challenges. Relying on 28 U.S.C. § 2254(d)(8), the magistrate judge substituted its own fact-finding for that of the PCRA court. The magistrate judge did not address the prosecutorial misconduct claim. The district court adopted the magistrate judge's report and recommendation, and ordered that petitioner be retried or released.

II.

To establish ineffective assistance of counsel, a defendant must show both that: (1) counsel's representation fell below an objective standard of "reasonableness under prevailing professional norms;" and (2) the defendant suffered prejudice as a result -- that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 668, 694. In reviewing counsel's performance, we "must be highly deferential." Id. at 689. We "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (citation omitted).

In the context of this case, two additional principles are relevant to our inquiry into the reasonableness of counsel's conduct. First, in a criminal defense, certain litigation decisions are considered "fundamental" and are for the client to make. These include decisions on whether to plead guilty, whether to testify, and whether to take an appeal. After consultation with the client, all other decisions fall within the professional responsibility of counsel. See Jones v. Barnes, 463 U.S. 745, 751 (1983); Government of the Virgin Islands v. Weatherwax, 77 F.3d 1425, 1433 (3d Cir. 1996). In particular, it

is a well established principle that counsel decides which issues to pursue on appeal, see Jones, 463 U.S. at 751-52, and there is no duty to raise every possible claim.  See id. at 751.  An exercise of professional judgment is required.  Appealing losing issues "runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions."  Id. at 753.  Indeed, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones, 463 U.S. at 751-52).  Thus, as a general matter, it is not inappropriate for counsel, after consultation with the client, to override the wishes of the client when exercising professional judgment regarding "non-fundamental" issues.

Second, in making litigation decisions, "there is no general duty on the part of defense counsel to anticipate changes in the law."  Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989) (citing Morse v. Texas, 691 F.2d 770, 772 n.2 (5th Cir. 1982)), cert. denied, 500 U.S. 954 (1991); see alsoBrunson v. Higgins, 708 F.2d 1353 (8th Cir. 1983) (holding that failure to anticipate striking down of jury selection system that excluded women not ineffective assistance); Honeycutt v. Mahoney, 698 F.2d 213, 216-17 (4th Cir. 1983) (holding that failure to anticipate change in law "foreshadowed by" Supreme Court and federal appellate court precedent not ineffective assistance).  "Only in a rare case" would it be ineffective assistance by a trial attorney not to make an objection that would be overruled under prevailing law.  Forte, 865 F.2d at 62.

In the present case, petitioner's counsel was required to decide what issues would be advanced on appeal when she was drafting petitioner's opening brief in the Superior Court.  As petitioner's present counsel acknowledged at oral argument, any issues not asserted in an appellant's opening appellate brief are thereafter waived under Pennsylvania law.  When she was preparing petitioner's opening brief, counsel had before her the opinion of the trial court denying Sistrunk's post-verdict motions and she attached that opinion to her appellate brief.  The district court's opinion focused on ten issues, including the jury selection issue.  After conferring with her client, appellate counsel chose to appeal only the first and eighth of those issues in her 44-page brief.

Under the governing law at the time counsel filed her appellate brief, any effort to overturn petitioner's conviction on the basis of his jury selection claim would have been doomed to failure.  Under Swain v. Alabama, 380 U.S. 202 (1965), a defendant, to be successful on an Equal Protection claim, was required to prove a pattern or practice of purposeful discrimination across multiple cases, and petitioner does not suggest that the evidence necessary under Swain was available to him.  Moreover, when counsel was preparing her brief, the Pennsylvania Supreme Court had previously ruled in no uncertain terms that a prosecutor might exercise peremptory challenges on the basis of race under both the federal and state constitutions.  See Commonwealth v. Henderson, 438 A.2d 951, 953 (Pa. 1981)

("[T]he race, creed, national origin, sex or other similar characteristics of a venireman may be proper considerations in exercising peremptory challenges. . . ."), overruled in part byBatson, 476 U.S. 79 (1986).

There is thus every reason to believe that petitioner's appellate counsel made an informed judgment call that was counsel's to make. Even if the record did not provide this affirmative assurance, however, we would be required to so assume unless the petitioner has come forward with evidence to the contrary sufficiently probative to overcome the "strong presumption" required by Strickland. We conclude that he has not. As we have indicated, petitioner failed to call his appellate counsel as a witness at the state PCRA evidentiary hearing, and there is very little other evidence tending to support his claim of ineffective assistance of counsel. Accordingly, a grant of habeas relief on ineffective assistance grounds would be inappropriate.

Sistrunk's arguments to the contrary are unpersuasive. He first points to several dissents sur denial of certiorari in which Justice Marshall urged reconsideration of Swain, and a number of press reports speculating that the Court might reconsider and overturn that decision. Sistrunk suggests, on the basis of this documentary evidence, that his counsel should have realized that the governing law might change and, accordingly, should have preserved the issue for as long as possible. He stresses that he specifically asked for the issue to be preserved, hoping that the law would change.

In essence, Sistrunk's first argument is that his counsel could and should have anticipated a change in the law. While we do not dispute that there were criminal defense lawyers who, like petitioner's trial counsel, predicted that a case like Batson might be decided as it was, we decline to hold that the performance of petitioner's appellate counsel was constitutionally deficient because she did not find the likelihood of that eventuality sufficient to alter her appellate advocacy strategy. So far as we are aware, every court that has addressed the issue under similar circumstances has held that the failure to anticipate the result in Batson did not constitute ineffective assistance. See, e.g., Ruff v. Armontrout, 77 F.3d 265 (8th Cir. 1996); Clark v. Collins, 19 F.3d 959 (5th Cir.), cert. denied, ___U.S. ___, 115 S. Ct. 432 (1994); Wiley v. Puckett, 969 F.2d 86 (5th Cir. 1992); Poole v. United States, 832 F.2d 561 (11th Cir. 1987), cert. denied, 488 U.S. 817 (1988).

Sistrunk's second argument is based on a letter of appellate counsel written to him in 1987. On February 19, 1987, after Batson had been decided and while Sistrunk's petition for review was pending before the Pennsylvania Supreme Court, he wrote to counsel asking her to pursue the jury selection issue before the Supreme Court. In her reply letter, dated February 24, 1987, she told him, incorrectly, that the issue had not been preserved at trial. This letter, Sistrunk argues, shows that counsel's failure to press the jury selection issue was attributable not to professional judgment, but rather to a misreading of the trial court record.

If viewed in isolation, one inference that could conceivably be drawn from counsel's 1987 letter is that she misunderstood the state of the trial court record when drafting her brief, and, accordingly, did not realize that the jury selection issue could be pursued on appeal. Given the two year gap between counsel's Superior Court brief and her 1987 letter, however, we find the letter to be an unreliable indication of the state of her knowledge when she was preparing her brief. Considering, in addition, that counsel attached the trial court's opinion to her brief, and that the opinion affirmatively demonstrated that the issue had been properly preserved at trial, the inference Sistrunk would have us draw seems an unlikely one. Clearly, it alone is too attenuated to overcome Strickland's strong presumption that counsel properly exercised her professional judgment.

Finally, Sistrunk relies heavily on our decision in Forte, 865 F.2d at 59, to show that counsel's performance was constitutionally deficient. Forte, who is white, was accused of rape. At the time of jury selection in his case, certiorari had been granted in Batson. He retained an attorney to consult with his trial counsel, and both requested trial counsel to object if the prosecutor used his peremptories to strike white jurors. Trial counsel agreed to do so, but when the prosecutor challenged white venirepersons, she failed to object. She later explained to the retained attorney in a letter that she had not objected because she was "too embarrassed" to do so since she herself had used challenges to remove whites from the jury when the defendant was black. On collateral review, Forte, like Sistrunk, pressed an ineffective assistance claim, and we found that he had stated a viable claim for relief.

In Forte, we recognized that counsel, when exercising his or her professional judgment about an objection to a peremptory challenge, can properly override even a reasonable directive of the client in the interest of "sound trial strategy." 865 F.2d at 63. We held, however, that this proposition did not fit Forte's case. Co-counsel and Forte had expressly called trial counsel's attention to the Batson issue, they had anticipated that the prosecution would exercise peremptory challenges to exclude whites, and they had reached a decision that it would be in Forte's best interest to raise a Batson type claim. Most important, this strategy had been abandoned by trial counsel for a reason wholly unrelated to professional judgment, trial strategy, or Forte's best interest. Counsel abandoned the agreed upon trial strategy because of "personal embarrassment." Id. at 61-62.

We cautioned in Forte that the case was "extraordinary on the facts" and that our opinion "should not be broadly read." Id. at 63. It should not be read to encompass a case, like Sistrunk's, where the petitioner has offered no substantial reason to believe that the challenged decision of counsel was not the product of a professional judgment.

After a thorough review of the record and applicable law, we conclude that the denial of petitioner's ineffective assistance claim by the state court was in accord with the proper

resolution of the claim under established federal law. Accordingly, it was error to grant federal habeas relief on this claim.

### III.

The district court granted relief on Sistrunk's direct Batson claim as well as on his ineffective assistance claim. Accordingly, we now turn to that claim. We conclude that the district court was foreclosed from addressing Sistrunk's Batsonclaim, as are we.

In Coleman v. Thompson, 501 U.S. 722 (1991), petitioner Coleman was convicted of murder and his conviction was affirmed by the Virginia Supreme Court. He then filed a state post-conviction relief petition alleging a number of federal constitutional claims that he had not raised on direct appeal. After an evidentiary hearing and an adverse judgment on the merits of his federal claims, Coleman filed an untimely appeal that advanced these claims. The respondent moved to dismiss the appeal for want of jurisdiction. The Virginia Supreme Court granted the motion "[u]pon consideration of" the filed papers. Id. at 728. The Supreme Court of the United States held that the federal courts were barred from considering the federal claims on their merits because Coleman had failed to show cause for and prejudice from the late filing and had not demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice. This conclusion followed from application of the adequate and independent state ground doctrine: if the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed unless there is cause and prejudice or a showing of innocence. Id. at 750.

In Harris v. Reed, 489 U.S. 255 (1989), the Supreme Court pointed out that the adequate and independent state ground doctrine applies whenever the state court relies upon such an adequate and independent state ground, even when it goes on to address the federal claim in an alternative holding:

> [A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.

489 U.S. at 264 n.10 (emphasis in original).

In this case, the last state court to have Sistrunk's Batson claim before it and to articulate a rationale for disposition was the Pennsylvania Superior Court. It disposed of this claim as follows:

> . . . Appellant contends that he was denied his state and federal constitutional right of equal protection under the law when the

prosecutor used her thirteen peremptory challenges in a racially discriminatory manner to exclude African-Americans from the jury. Specifically, he contends that this was in violation of the United States Supreme Court's mandate in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and, therefore, that he should be granted a new trial. However, regardless of whether Batson is applicable to this case, Appellant has failed to demonstrate that he is eligible for collateral relief on this equal protection issue.

To be eligible for relief under the PCRA, Appellant must plead and prove by a preponderance of the evidence that his allegation of error has not been previously litigated. See, 42 Pa.C.S.A. § 9543(a)(3). For the purposes of the PCRA, "an issue has been previously litigated if it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal." 42 Pa.C.S.A. § 9544(a)(1). The record clearly indicates that counsel for Appellant raised an objection at trial that the prosecutor allegedly used peremptory challenges in a racially discriminatory manner, that counsel raised this issue in his post-trial motions, that the trial court ruled on the merits of this issue and denied the post-trial motions, and that Appellant did not raise this issue on nunc pro tunc appeal. Therefore, Appellant's equal protection issue has been previously litigated. Accordingly, we find that Appellant is not eligible for collateral relief on this issue.

Commonwealth v. Sistrunk, No. 71-02-794-820, slip. op. at 3-4.

Like Coleman, Sistrunk, by failing to satisfy a state procedural requirement, forfeited his right to secure appellate consideration of the merits of his federal claim in a state collateral relief proceeding. The consequence in Coleman was that the federal courts were barred from entertaining the petitioner's federal claims on their merits absent a showing of cause and prejudice or a demonstration of innocence. The consequence must be the same here.

The only difference we perceive between this case and Coleman is that the Superior Court here did address the merits of Sistrunk's Batson claim in the course of deciding his constitutional claim of ineffective assistance of counsel. We know from Harris, however, that the doctrine applied in Coleman bars federal review even when the state court addresses the merits of the petitioner's federal claim in an alternative

holding.  If federal review of a federal claim is foreclosed when the state court addresses the merits of that claim in an alternative holding directed to that claim, surely federal review must also be foreclosed when the state court addresses the merits of the federal claim only in the course of resolving another, independent claim.

It necessarily follows that the district court was not free to consider Sistrunk's Batson claim on its merits absent a showing of cause and prejudice or a demonstration that Sistrunk was innocent of the crimes for which he was convicted.

To show cause, a petitioner must prove "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Counsel's error cannot constitute cause for procedural default unless the error was also constitutionally ineffective under Strickland.  Id. at 492. Sistrunk offers no proof of cause and prejudice other than counsel's failure to preserve the issue on direct appeal.  Since we have concluded that that performance was not ineffective, and since the record contains no new evidence about the events underlying Sistrunk's conviction, petitioner may not raise the direct Batson claim on federal habeas.

## IV.

The district court did not reach Sistrunk's prosecutorial misconduct claim that specific statements by the prosecution deprived him of a fair trial.  It will have an opportunity to address that claim on remand.

We will reverse the judgment of the district court and remand for further proceedings consistent with this opinion.