UNITED STATES of America, Plaintiff-Appellee,

v.

Eric Leroy GREEN, Defendant-Appellant.

No. 83–3597
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 24, 1984.

---

H. Jay Stevens, Federal Public Defender, Orlando, Fla., for defendant-appellant.

Paul J. Moriarty, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

In this criminal case, we determine whether the district court abused its discretion in excluding a petit jury including the only two black veniremen on the venire panel from further jury service because the veniremen sat in a similar case the previous day. Appellant claims this exclusion violated his rights guaranteed under the sixth amendment, and the Jury Selection and Service Act of 1968, as amended, 28 U.S. C.A. §§ 1861–1877 (West Supp.1984). Finding no error, we affirm.

## Facts

On June 22, 1983, a federal grand jury returned a one-count indictment against Eric Leroy Green and Mary Ann Chennis. The indictment charged that Green and Chennis forceably assaulted, resisted, opposed, impeded, intimidated, and interfered with Deputy United States Marshal Luz M. Hendricks, while Deputy Hendricks was engaged in the performance of her official duties. The indictment also charged that Green and Chennis violated 18 U.S.C.A. §§ 111, 2 (West 1969).

Prior to jury selection, co-defendant Chennis objected to the racial composition of the venire panel on the grounds that no blacks were in the venire panel and "she was entitled to be tried by people of her own race." Appellant, Eric Leroy Green, joined in this objection. The district court explained that on the previous evening it excluded twelve potential veniremen, two of whom were black, all of whom had just finished serving in a case which involved the identical charge for which the defendants were indicted, assault on a federal officer. Forty-three veniremen remained; all of whom were white.

Nonetheless, Green moved the court for a continuance to obtain "a better cross-section of the community." The district court denied this motion and dismissed the appellant's objection on the ground that the jury venire was drawn in accordance with the jury plan of the court and "the Jury Selection Act, 28 U.S.C., Chapter 121."

## Discussion

Green contends that he is entitled to a jury venire representing a cross-section of his peers, including black persons. Thus, Green asserts that his constitutional and statutory rights were denied when the district court excluded twelve potential veniremen, two of whom were black, leaving Green an all-white venire from which to select his jury panel. This contention is without merit and clearly misses the mark.

While it is true that the sixth amendment guarantees a criminal defendant the right to a jury selected from a group representing a fair cross-section of the community, no requirement exists that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. *Taylor v. Louisiana,* 419 U.S. 522, 538, 95 S.Ct. 692, 701, 42 L.Ed.2d 690 (1975).

Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinct groups in the community and thus fail to be reasonably representative. *Taylor,* 419 U.S. at 538, 95 S.Ct. at 701. Green has not demonstrated that the jury wheels, pools of names, panel, or venires from which the present jury was drawn *systematically excluded* any distinct group in the community, i.e., black people.

Green is not entitled to a jury which necessarily includes blacks merely because he is black.* In any event, the

---

\* On the other hand, Green may have the right not to have blacks systematically and intentionally excluded from the pool of prospective jurors in his case by prosecutors or other court officials motivated by a desire to place him at a disadvantage before the jury. *Willis v. Zant,* 720 F.2d 1212 (11th Cir.1983). Furthermore, when the prosecutor employs its peremptory challenges to remove from jury participation all black jurors, the defendant's right to be tried by a jury drawn from a "representative cross section of the community" may be effectively denied. This right is probably denied to the same extent that it would have been had blacks not been included on the jury lists at all. *See Harris v. Texas,* —— U.S. ——, 104 S.Ct. 3556, 82 L.Ed.2d

issue of fair representation of the community is not properly raised by a conclusory oral objection at the beginning of trial. Section 1867 of the Jury Selection and Service Act, 28 U.S.C.A. § 1867 (West Supp. 1984), delineates the method by which challenges to the selection procedure of juries may be made. Section 1867(e) provides:

> The procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime, the Attorney General of the United States or a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. Nothing in this section shall preclude any person or the United States from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, national origin or economic status in the selection of persons for service on grand or petit juries.

Compliance with the aforementioned statutory requirements is necessary to question the validity of a plan selected and approved pursuant to 28 U.S.C.A. § 1867.

■ Green does not allege, and it does not appear, that he has complied with the statutory prerequisites outlined in 28 U.S.C.A. § 1867. In the absence of strict compliance, Green's attempt to challenge the jury venire on constitutional grounds is without legal effect and is futile. We hold that the district court did not abuse its discretion and was correct when it denied Green's motion for a continuance.[**]

AFFIRMED.

858 (1984) (Marshall, J., dissenting) (citing *Taylor v. Louisiana*, 419 U.S. 522, 528, 95 S.Ct. 692, 696, 42 L.Ed.2d 690 (1975)).

[**] Defendant's brief suggests vaguely some impropriety in the trial judge's dismissal of the jury panel which had already heard a similar case. A trial judge has broad discretion to distribute

the burden of jury service. Appellant asserts no specific impropriety, nor does the record suggest any in light of the fact that the excused jurors had already served on a case, and in light of the fact that that case was a very similar case raising the possibility of jury bias.