70 F.3d 112
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David MEDINA, Plaintiff-Appellant,
v.
Michelle K. LOVELESS, Defendant-Appellee,
and
James W. LOVELESS, Defendant.
 No. 94-1896.
 United States Court of Appeals, Fourth Circuit.
 Nov. 15, 1995.
 
 C. Victor Mbakpuo, Silver Spring, Maryland, for Appellant. James A. Sullivan, SULLIVAN & TALBOTT, Rockville, Maryland, for Appellee.
 Before HALL and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David Medina appeals from the magistrate judge's order denying his motion for judgment as a matter of law and entering judgment on the jury verdict for Michelle Loveless. Medina contends that the jury composition violated his right to an impartial jury drawn from a cross section of the community and that the magistrate judge erred in denying his motions for judgment as a matter of law. We affirm.
 
 
 2
 On December 31, 1991, David Medina was driving west on Randolph Road, a six-lane highway with three eastbound and three westbound lanes. At or near the intersection of Randolph Road and Livingston Drive, Medina lost control of his vehicle, went off to the right, and hit a tree approximately 200 feet beyond the intersection.
 
 
 3
 Medina filed this diversity action in the district court alleging that Loveless was negligent in entering the highway at the intersection of Randolph Road and Livingston Avenue and that her negligence caused him to lose control of his vehicle and hit a tree. At the close of the evidence, both parties moved for judgment as a matter of law. Pursuant to Fed.R.Civ.P. 50(a)(1), the magistrate judge took the motions under advisement and submitted the case to the jury. The jury returned a verdict in favor of Loveless, finding that she was not negligent. The magistrate judge denied Medina's renewed motion for judgment as a matter of law, stating that the case required the resolution of factual issues and therefore was appropriately submitted to the jury. Medina appealed.
 
 I. Jury Composition
 
 4
 Medina contends that the magistrate judge erred in impaneling a jury that was not of his peers and that failed to reflect a cross section of the community. Noting that no member of the jury was of his age (twenty-four), race (Hispanic), or social status (blue-collar worker), Medina argues that such groups were systematically excluded from participation on juries.
 
 
 5
 We note that Medina failed to properly and timely assert his claim that the jury was not selected from a fair cross section of the community. See 28 U.S.C.A. Sec. 1867(c), (e) (West 1994) (before voir dire or within seven days of discovery, litigant to move to stay proceedings on grounds of substantial failure to comply; such stay is exclusive means to challenge whether jury drawn from fair cross section). He has therefore waived review of this issue. See United States v. Webster, 639 F.2d 174, 180 (4th Cir.), cert. denied, 454 U.S. 857 (1981); United States v. Canty, 422 F.2d 358, 360 (4th Cir.1970) (per curiam), cert. denied, 409 U.S. 987 (1972). Following selection of the jury, Medina's counsel sought to strike a juror, stating that he would like to know more about the juror. During the ensuing discussion with the magistrate judge, counsel inquired whether any of the jurors selected were Spanish. Counsel did not move to stay the proceedings or to otherwise dismiss the jury panel selected. We conclude that counsel failed to comply with the procedures outlined in the Jury Selection and Service Act, 28 U.S.C.A. Secs. 1861-1878 (West 1994), and that this issue was waived. See United States v. Green, 742 F.2d 609, 612 (11th Cir.1984).
 
 
 6
 Moreover, Medina failed in the lower court and in this court to present any evidence--much less a prima facie case--to support his argument that persons of his race, age, and social status were systematically excluded from the jury pool. See Duren v. Missouri, 439 U.S. 357, 364 (1979) (analyzing elements of a prima facie case); United States v. Espinoza, 641 F.2d 153, 168 (4th Cir.) (movant has burden of proving systematic exclusion), cert. denied, 454 U.S. 841 (1981). Even if this issue were properly raised and preserved, Medina has failed to show that the jury was improperly selected or that he was denied his right to an impartial jury of his peers. See Thiel v. Southern Pac. Co., 328 U.S. 217 (1946); see also United States v. Meredith, 824 F.2d 1418, 1424 & n. 3 (4th Cir.) (litigants not entitled to correlative number of minority members on jury as in community, only to jury randomly chosen from representative pool), cert. denied, 484 U.S. 969 (1987).
 
 II. Judgment as a Matter of Law
 
 7
 Medina next contends that the magistrate judge erred in denying his motion for judgment as a matter of law at the close of the evidence* and again after the verdict. He asserts that the evidence clearly showed that Loveless violated Maryland's "boulevard rule," making her negligent as a matter of law.
 
 
 8
 The boulevard rule requires a driver approaching a "through highway" from an unfavored or secondary road to stop and yield the rightof-way to drivers lawfully proceeding on the favored road who are already in or about to enter the intersection of the highway and the unfavored road. Creaser v. Owens, 297 A.2d 235, 241 (Md.1972). An unfavored driver who fails to yield the right-of-way is negligent as a matter of law. Creaser, 297 A.2d at 241 n. 6.
 
 
 9
 Although Loveless entered a favored highway from an unfavored secondary road, the evidence, taken in the light most favorable to Loveless, Herold v. Hajoca Corp., 864 F.2d 317, 319 (4th Cir.1988), cert. denied, 490 U.S. 1107 (1989), supports the conclusion that she did not enter into the lane in which Medina was travelling and therefore did not fail to yield the right-of-way. See Dennard v. Green, 622 A.2d 797, 804 (Md.Ct.Spec.App.1993), aff'd, 643 A.2d 422 (Md.1994). Because the evidence shows that Loveless did not invade Medina's right-of-way in the middle westbound lane, the boulevard rule does not apply to make her negligent per se. However, the jury was required to resolve the factual issue of whether Loveless entered the middle lane and thus invaded Medina's right-of way. Because the evidence required resolution of this factual question, judgment as a matter of law was inappropriate. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985).
 
 
 10
 The evidence in this case was also sufficient to permit the jury to find that Medina was negligent in speeding and thus not proceeding in a lawful manner. Gazvoda v. McCaslin, 375 A.2d 570, 575 (Md.Ct.Spec.App.1977) ("[I]f there is evidence sufficient to permit a finding of fact that the favored driver was proceeding in a manner that was not lawful, then it is for the jury to determine whether the favored driver lost his statutory preference."). Because the evidence did not permit only one conclusion as to the verdict that reasonable jurors could have reached, Gairola, 753 F.2d at 1285, the magistrate judge properly submitted the case to the jury and properly denied the motion for judgment as a matter of law.
 
 
 11
 In conclusion, we affirm the magistrate judge's order denying judgment as a matter of law and entering judgment on the jury verdict for Loveless. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Contrary to Medina's argument, the district court did not deny the motion for judgment as a matter of law at the close of the evidence. Pursuant to Fed.R.Civ.P. 50(b), the court took the motion under advisement, submitting the case to the jury "subject to a later determination of the legal questions raised by the motion."