**UNITED STATES of America,**

v.

**Montalvo Ibarra BASTIDAS.**

**Nos. 92–368–CR–T–17C, 97–144–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 23, 1998.

fourth factor is not met because, as stated, the evidence of 'carrying' is overwhelming.

Montalvo Ibarra Bastidas, Leavenworth, KS, Pro se.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Defendant challenges his conviction rendered in the United States District Court for the Middle District of Florida. On April 19, 1993, Defendant was convicted by jury trial of eight counts regarding illegal substances, as charged by Indictment:

Count One: distribution of cocaine powder, in violation of 21 U.S.C. § 841(a)(1);

Count Two: distribution of cocaine base, also known as "crack," in excess of five grams, in violation of 21 U.S.C. 841(a)(1);

Count Three: conspiracy to possess with intent to distribute in excess of 50 grams of "crack," in violation of 21 U.S.C. § 846;

Count Four: possession with intent to distribute cocaine powder, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

Count Five: possession with intent to distribute in excess of 50 grams of "crack," in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

Count Six: conspiracy to import cocaine powder and in excess of 50 grams of "crack," in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 963;

Count Seven: importation of cocaine powder, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2;

Count Eight: importation of in excess of 50 grams of "crack," in violation of 21 U.S.C. § 956(a) and 18 U.S.C. § 2.

## PROCEDURAL HISTORY

Defendant appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. On appeal, he contended that the Court erred by allowing the joinder of two of the counts with the remaining six counts and erred in denying his motion for severance. (Doc. No. 75) On July 14, 1994, the United States Court of Appeals for the Eleventh Circuit affirmed Defendant's conviction. (Doc. No. 75)

On January 29, 1997, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 76) On February 6, 1997, the Court ordered Defendant to file an amended motion that complied with the rules governing section 2255 motions. The Court also returned Defendant's 40–page memorandum of law because the memorandum did not comply with Local Rule 3.01(c) which reads as follows: "Absent prior permission of the Court, no party shall file any brief or legal memorandum in excess of twenty (20) pages in length." (Doc. No. 78)

On February 19, 1997, Defendant filed a motion to exceed the page limit. (Doc. No. 79) On March 6, 1997, this Court denied Defendant's motion and gave Defendant an additional 20 days to file an amended motion to vacate. (Doc. No. 80) Defendant appealed this Court's denial of his motion to exceed the page limit. (Doc. No. 81) On May 27, 1997, the United States Court of Appeals for the Eleventh Circuit granted Defendant's motion to dismiss the appeal. (Doc. No. 93)

On May 12, 1997, Defendant filed the present Amended Motion to Vacate, Set Aside, or Correct Sentence and Memorandum in Support of Motion. (Doc. Nos. 91 and 92) Defendant raises eight grounds for relief:

## GROUND ONE

INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE MULTIPLICITY OF COUNTS CONTAINED IN INDICTMENT.

## GROUND TWO

INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL FAILED TO OBJECT TO THE TRIAL SITE BEING CHANGED FROM TAMPA TO FT. MYERS.

## GROUND THREE

INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL FAILED TO

VOICE A FAIR CROSS SECTION OBJECTION SO DEFENDANT COULD BE TRIED BY A JURY OF HIS PEERS.

## GROUND FOUR

INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL FAILED TO INVOKE RULE 105 OF THE FEDERAL RULES OF EVIDENCE.

## GROUND FIVE

INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL FAILED TO OBJECT TO THE ADMISSION OF THE PLEA AGREEMENT OF DEFENDANT'S CO–DEFENDANT.

## GROUND SIX

INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL ENTERED INTO A STIPULATION AGREEMENT TO THE TESTIMONY OF A FORENSIC CHEMIST WITHOUT DEFENDANT'S APPROVAL.

## GROUND SEVEN

INEFFECTIVE ASSISTANCE OF COUNSEL: COUNSEL FAILED TO OBJECT TO AN ILLEGAL SENTENCE.

## GROUND EIGHT

INEFFECTIVE ASSISTANCE OF COUNSEL: THE CUMULATIVE EFFECT OF THE ABOVE ERRORS.

The Government responded to Defendant's motion to vacate and Defendant filed a reply. The Government contends that Defendant's grounds for relief lack merit and should be dismissed. Defendant contends that the Government did not dispute the factual or legal allegations of his claims, and thereby the Government concedes that Defendant's allegations are factually correct.

The Government then filed a Motion to Strike Defendant's Reply. (Doc. No. 98) The Government contends that by filing a response to the Government's Answer in Opposition, Defendant violated local rule 3.01(b).

A review of the record shows that, for the following reasons, Defendant is not entitled to relief under 28 U.S.C. § 2255.

## DISCUSSION

The standard for ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court in *Strickland* sets forth a two-prong test that must be met in order to reverse a convicted defendant's sentence. First, Defendant must show that counsel's performance was deficient, in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Second, Defendant must show that the deficient performance prejudiced the defense. Counsel's errors had to have been so serious as to deprive Defendant of a fair trial, a trial whose result is reliable. *Id.* 466 U.S. at 687, 104 S.Ct. 2052. Both prongs of the test must be met.

"The proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, (citing *Trapnell v. United States*, 725 F.2d 149, 151–52 (2nd Cir.1983)). In scrutinizing counsel's performance, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. Defendant must overcome this presumption to satisfy the first prong of the test.

Defendant must also show that the alleged ineffective assistance affected the result of the trial; "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 466 U.S. at 694, 104 S.Ct. 2052.

## GROUND ONE

■ Defendant Bastidas claims that trial counsel failed to object to the multiplicity of the Indictment. Defendant contends that he

was charged with and convicted of multiple counts for the same criminal conduct. Multiplicity is the charging of a single offense in more than one count. *United States v. De La Torre*, 634 F.2d 792, 794 (5th Cir.1981) (citing *United States v. Free*, 574 F.2d 1221 (5th Cir.1978)). "The test for determining whether several offenses are involved is whether identical evidence will support each of them, and if any dissimilar facts must be proved, there is more than one offense." *Bins v. United States*, 331 F.2d 390, 393 (5th Cir.1964) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, (1932)).

■ Defendant Bastidas was charged with and convicted of eight separate offenses. Defendant contends that because all of the acts occurred on the same day, the acts should not be separate charges. The test is not whether the acts occurred at relatively the same time, but whether any dissimilar facts must be shown in order to prove the charges. *Bins* at 393.

■ Defendant claims that counts three and six are essentially the same charges. Count three charges conspiracy to distribute and import cocaine powder. Count six charges conspiracy to distribute and import "crack." Defendant contends that because both counts are conspiracy charges, there should only be one charge. Defendant is incorrect. Cocaine powder and "crack" are not the same, and therefore two separate charges are warranted. The same rationale applies to counts four and five. Count four charges possession of cocaine powder, while count five charges possession of "crack."

Although each count involves illegal substances, the charges are different and each requires different evidence to prove Defendant's guilt. Counts one and two charge *distribution* of cocaine (one) and "crack" (two). Counts four and five charge *possession* of cocaine (four) and "crack" (five). Counts seven and eight charge *importation* of cocaine (seven) and "crack" (eight). Counts three and six charge *conspiracy* to distribute and import cocaine (three) and "crack" (six).

Furthermore, on appeal, the Eleventh Circuit found that "the initial joinder of all eight counts was proper under Fed.R.Crim.P. 8(a)" and that "the district court did not abuse its discretion by refusing to order a severance under Fed.R.Crim.P. 14."

Defendant's trial counsel did not err in not objecting to the multiplicity of the Indictment because the charges were not multiplitious. Therefore, Ground One does not warrant relief under 28 U.S.C. § 2255.

## GROUND TWO

Defendant contends that trial counsel was ineffective because counsel failed to object to the trial site being changed from the Tampa Division to the Ft. Myers Division. Defendant claims that because trial counsel did not object, Defendant was not tried by a jury of his peers. Defendant, who is a Black Latino male, contends that he was prejudiced because, as a result of the move, he was tried by an all white jury.

Rule 18 of the Federal Rules of Criminal Procedure states: "The prosecution shall be had in the District in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendants and witnesses, and the prompt administration of justice."

■ Defendant's crimes occurred in Tampa, a city located within the Tampa Division of the United States District Court for the Middle District of Florida. Defendant's trial was moved to Ft. Myers, a city located in the Ft. Myers Division of the United States District Court for the Middle District of Florida. Since both Tampa and Ft. Myers are located in the Middle District of Florida, moving the trial from Tampa to Ft. Myers did not violate Defendant's rights.

Defendant contends that the Government moved his trial in order to improve its chances for an "unjust conviction." However, the Government did not request the change; the Court transferred Defendant's trial for judicial expediency.

Because Defendant's trial counsel did not have grounds to object to the Court's moving his trial from Tampa to Ft. Myers, counsel

was not ineffective for failing to do so. Ground Two does not warrant relief.

## GROUND THREE

Defendant contends that he received ineffective assistance of counsel because trial counsel failed to raise a fair cross section objection to the composition of the prospective jurors assembled for voir dire. Defendant also claims that the absence of Blacks and Latinos created a presumption of racial discrimination.[1]

■ Although the Sixth Amendment guarantees a criminal defendant the right to a jury selected from a group representing a fair cross section of the community, "no requirement exists that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population." *United States v. Green*, 742 F.2d 609 (11th Cir.1984) (citing *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975)). In *Green*, the defendant claimed that because he was Black and had an all-white venire from which to select his jury panel, he did not receive a jury representing a cross section of his peers. 742 F.2d at 611. The Eleventh Circuit found that this contention was without merit. "Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinct groups in the community and thus fail to be reasonably representative." *Id.*

■ Defendant Bastidas has not demonstrated that the jury wheels, pools of names, panel, or venires from which his jury was drawn excluded Blacks or Latinos. Consequently, Ground Three does not warrant relief.

## GROUND FOUR

Defendant contends that his trial counsel was ineffective because counsel failed to object to the admission of the statement "that at the time Movant committed the offense alleged in Counts II thru VIII Movant was incarcerated on Counts I and II." (Doc. No. 92, p. 11) Defendant also contends that counsel was ineffective because he failed to seek a limiting instruction to restrict the prejudicial nature of the evidence to its proper scope, pursuant to Rule 105 of the Federal Rules of Evidence, which states that when evidence is admitted for a limited purpose, the court must so inform the jury if requested. Defendant alleges that the jury assumed he was guilty of counts three through eight because he was incarcerated for the first two counts. Defendant contends that counsel should have requested a cautionary instruction to minimize the risk that the jury would make this assumption.

■ In view of the abundant independent evidence of Defendant's guilt, trial counsel's failure to object or to request a cautionary instruction did not prejudice Defendant to the extent that "the result of the proceeding would have been different" had he done so. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Any error at trial caused by counsel's failure to request a cautionary instruction was harmless error where other evidence supported Defendant's guilt. Therefore, defense counsel was not ineffective for failing to request a cautionary instruction. *See United States v. Lehder–Rivas*, 955 F.2d 1510 (11th Cir.1992); *United States v. Werme*, 939 F.2d 108 (3rd Cir.1991); *United States v. Terry*, 702 F.2d 299 (2d Cir.1983).

Furthermore, the judge instructed the jury to evaluate the evidence on each count separately. (R 471)[2] Ground Four does not warrant relief.

## GROUND FIVE

Defendant claims that he received ineffective assistance of counsel because trial counsel failed to object to the admission of co-perpetrator Londono's plea agreement during direct examination and failed to object to the prosecutor's questions regarding the con-

---

**1.** On direct appeal, Defendant did not raise the issue that Defendant was denied a fair trial due to the lack of a fair cross section of jurors, or the issue of racial discrimination.

**2.** Citations to the trial transcript will be designated by the letter "R" followed by the page number.

sequences of Londono's knowingly lying while testifying. (R 276) Defendant contends that the Government's actions bolstered Londono's credibility, in violation of Rule 608 of the Federal Rules of Evidence.[3] Defendant alleges that because counsel did not request a curative instruction, counsel was ineffective and Defendant was prejudiced.

■ Plea agreements are admissible. *United States v. Hilton,* 772 F.2d 783, 787 (11th Cir.1985). Furthermore, "If defense counsel attacks a witness's credibility during opening the prosecutor may rehabilitate the witness on direct examination. Specifically, a prosecutor may 'elicit testimony regarding the truth-telling portion of a cooperation agreement during direct examination.'" *United States v. Delgado,* 56 F.3d 1357, 1368 (11th Cir.1995)(quoting *United States v. Cruz,* 805 F.2d 1464, 1480 (11th Cir.1986)).

■ In the present case, the record discloses that defense counsel's remarks during opening statement could be construed as an attack on Londono. (R 91–96). Therefore, the prosecutor's questions to Londono were not improper and defense counsel cannot be ineffective for failing to object or to ask for a curative instruction.

Furthermore, Defendant cannot show that the introduction of Londono's plea agreement prejudiced him. Londono testified at Defendant's trial. (R 256–318) Defense counsel cross-examined him relative to the plea agreement. (R 277–312; 315–318) In addition, the Court informed the jury during jury instructions that they were "the sole judges of the credibility of each witness and the weight to be given to each witness' testimony." (R 488) The Court instructed the jury that the testimony of an alleged accomplice with whom the government has entered into a plea agreement "must always be examined and weighed with greater care and caution than the testimony of ordinary witnesses." (R 491) The Court cautioned the jury as to the reliability of Londono's testimony. Defendant was not prejudiced by trial counsel's

decision not to ask for the curative instruction and counsel was not ineffective for failing to do so. Ground Five does not warrant relief.

## GROUND SIX

■ Defendant Bastidas claims that he received ineffective assistance of counsel because trial counsel stipulated to the chemical composition of the drugs offered into evidence by the Government. (R 370) Counsel's tactical decision to stipulate was not so unreasonable "that no competent attorney would have chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir.1983)(citing *Washington v. Strickland,* 693 F.2d 1243, 1254 (5th Cir. Unit B 1982)). Such a tactical decision does not render assistance ineffective merely because in retrospect the decision might have been the wrong decision. *Adams v. Balkcom,* 688 F.2d 734, 739 (11th Cir.1982).

■ Even if Defendant Bastidas' trial counsel had not stipulated, it is not likely that the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Any inquiry into the performance of Defendant's counsel and a determination of whether representation was reasonably effective is based on the totality of the circumstances. In the present case, the Government lab analyzed the chemical substances. (R 243–250) Drug Enforcement Administration Special Agent Kevin James Clark testified that both powder and crack cocaine were present. (R 254) He testified as to the amounts of each and the value of each. (R 254–255) Defendant Bastidas has not advanced the names of any experts who would testify that the chemical composition of the drugs offered into evidence by the Government was different from that described by Special Agent Clark. Ground Six does not warrant relief.

## GROUND SEVEN

■ Defendant claims that he received ineffective assistance of counsel because trial

---

**3.** Rule 608, Fed.R.Evid. states: (a) The credibility of a witness may be supported or attacked by character evidence but (1) evidence may refer only to the character for untruthfulness or truthfulness; (2) Evidence of truthful character is admissible only after attacked. On direct appeal, Defendant did not raise the issue that the admission of Londono's plea agreement violated Rule 608, Fed.R.Evid.

counsel failed to object to the misapplication of the sentencing guidelines' enhancement for "crack" cocaine. Defendant contends that the Government must prove that the substance in question was "crack" cocaine in order to sentence Defendant under the guidelines' enhancement. This contention is correct, pursuant to an amendment to the United States Sentencing Commission Guidelines, effective November 1, 1993. However, Defendant was convicted on April 19, 1993, and sentenced on July 7, 1993. The amendment was not yet effective at the time at which Defendant was sentenced.[4] Defendant's trial counsel could not have objected to something that was not in effect when Defendant was sentenced. Furthermore, the amendment is not retroactive. *United States v. Camacho,* 40 F.3d 349, 354 (11th Cir.1994), *cert. denied,* 514 U.S. 1090, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995). Therefore, Ground Seven does not warrant relief.

### GROUND EIGHT

Defendant contends that the cumulative effect of all seven alleged errors amounts to ineffective assistance of counsel. Because Defendant Bastidas has not established ineffective assistance of counsel on any of the first seven grounds, Ground Eight does not warrant relief.

Accordingly, the Court orders:

1. That the Government's motion to strike Defendant's reply (Doc. No. 98) is denied as moot.

2. That Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 91) is denied, with prejudice. The Clerk is directed to close civil case number 97–144–CIV–T–17C which was opened for statistical purposes when Defendant filed the 28 U.S.C. § 2255 motion.

---

**4.** The amendment became effective November 1, 1993. *United States v. Munoz–Realpe,* 21 F.3d 375 (11th Cir.1994).