**Johnny COLEMAN, Plaintiff,**

v.

**ROADWAY EXPRESS, Defendant.**

No. Civ.A. 99–T–380–S.

United States District Court,
M.D. Alabama,
Southern Division.

Sept. 6, 2001.

*See Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

Gregory O. Wiggins, Kyle T. Smith, Gordon, Silberman, Wiggins & Childs, Bir-

mingham, AL, for Johnny Coleman, plaintiff.

Johnny Coleman, Dothan, AL, plaintiff pro se.

William P. Dougherty, Young & Perl, PC, Memphis, TN, for Roadway Express, defendant.

### ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Johnny Coleman brought suit against his employer, defendant Roadway Express, alleging racial discrimination and retaliation in violation of the Civil Rights Act of 1866, as amended (42 U.S.C.A. § 1981) and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C.A. §§ 1981a, 2000e through 2000e–17). Following a jury verdict in favor of Roadway Express, this court entered judgment, taxing costs to Coleman. Currently before the court are two motions: (1) Coleman's motion for review of costs and (2) Roadway Express's motion for costs and attorneys' fees associated with its defense of Coleman's motion for new trial. For the reasons that follow, the court will grant Coleman's motion to the extent that court costs will be reduced and will grant Roadway Express's motion to the extent that only court costs will be allowed.

### I. COLEMAN'S MOTION TO REVIEW COSTS

With his motion to review costs, Coleman makes two contentions: first, that the cost bill is untimely; and, second, that some of the requested costs are not allowed by statute. Because the dates are critical to the resolution of Coleman's first contention, the court sets them forth below:

*March 16, 2000:* The jury returns a verdict in favor of Roadway Express.

*March 20:* Final judgment entered in favor of Roadway Express, and court costs are taxed against Coleman.

*April 3:* Coleman files a motion for new trial.

*May 31:* Coleman files a motion to dismiss his new-trial motion.

*June 6:* Coleman's motion to dismiss his new-trial motion is granted.

*June 15:* Roadway Express files a bill of costs for $ 4,886.20.

*June 20:* Coleman files his motion to review cost bill.

#### A. *Timeliness of the Cost Bill*

■ Coleman contends that Roadway Express's cost bill is not timely because it was not filed within the time allowed by Local Rule 54.1 of the Middle District of Alabama. Local Rule 54.1 states:

> "(a) Costs. Requests for taxation of costs (other than attorneys' fees) under Fed.R.Civ.P. 54(d) shall be filed with the Clerk within 30 days after entry of final judgment from which an appeal may be taken. Failure to file within this time period will be deemed a waiver."

Local Rule 54.1 therefore requires that cost bills be filed "within 30 days after entry of final judgment from which an appeal may be taken." According to Coleman, because final judgment was entered on March 20, 2000, and the cost bill was not filed until June 15, the cost bill was filed outside the 30–day requirement.

■ The critical question posed by Local Rule 54.1 is what constitutes a "final judgment from which an appeal may be taken." Without question, a judgment entered based on a jury verdict, assuming all claims have been disposed of, is a "final judgment from which an appeal may be taken." However, it is equally well settled that, upon the timely filing of a new-trial motion, a final judgment is, for the mo-

ment, no longer a final order. According to Federal Rule of Appellate Procedure 4(a)(4), the time for filing an appeal runs from the entry of an order disposing of a timely filed new-trial motion and an appeal is not even effective during the pendency of the motion. Rule 4(a)(4)(A) provides in part:

> "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: ... (v) for a new trial under Rule 59."

And, correlatively, Rule 4(a)(4)(B)(i) provides in part:

> "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

*See also* Fed.R.Civ.P. 59 (advisory committee notes to 1995 amendments (Rule 59 "affect[s] the finality of the judgment.") Therefore, once a timely new-trial motion is filed, the finality of the underlying judgment is effectively "suspended" until the resolution of that motion by the trial court. *See Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1085 (11th Cir.1987); *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985).

■ It follows perforce that the language "a final order from which an appeal may be taken," as used in Local Rule 54.1, includes a final judgment based on a jury verdict, unless a timely new-trial motion has been filed, in which case it would mean the order denying the motion.

■ Local Rule 54.1's language is intended to help ensure that all court costs incurred in the trial court are included in the cost bill presented to the court; the rule seeks to avoid a piecemeal award of costs during the pendency of the litigation. Suspending the time for filing a cost bill until all post-trial motions are decided allows the prevailing party to recover all his costs up to, including, and following trial. Interpreting the Local Rule to allow the filing of the costs bills up to 30 days after the decision of the last post-trial substantive motion promotes the goal of efficiency in the resolution of cases.

Therefore, under Local Rule 54.1, a bill of costs must generally be filed within 30 days of entry of a judgment disposing of all claims based on a jury verdict. However, when a timely motion for new trial is filed, the time period for filing the cost bill is suspended until the motion for new trial is resolved by the trial court, with the period for filing the cost bill then being 30 days after the order resolving the motion for new trial.

In this case, because Coleman timely filed a new-trial motion (April 3, 2000) and because Roadway Express filed its cost bill (June 15) within 30 days of the order dismissing the new-trial motion (June 6), the cost bill is timely and is due to be considered on the merits by the court.

### B. *Propriety of Certain Claimed Costs*

Having resolved the preliminary issue of whether Roadway Express timely filed its $ 4,886.20 cost bill, the court now turns to the propriety of certain claimed costs on the bill. The costs claimed fall into four categories: service of process fees, fees for witnesses, enlargement and copying charges, and deposition costs.

#### 1. *Service of Process*

Both Roadway Express and Coleman agree that the $ 90.00 for service of process is a valid part to the cost bill. There-

fore, the $ 90.00 for service of process will be allowed.

## 2. *Fees for Witnesses*

■ Coleman challenges the $ 1,355.39 labeled as "fees for witnesses," which include per diem, travel, and preparation fees for witnesses Sullivan and Collins. 28 U.S.C.A. § 1920(3) allows the taxation as costs of "[f]ees and disbursements for printing and witnesses."

Preliminarily, Roadway Express has agreed to reduce its cost bill by $ 34.83, reflecting payment for services of Grace Kunz, an assistant to Collins, leaving a total of $ 1,320.56. This remaining amount is broken down as follows: witness Collins billed Roadway Express $ 1,170.56, according to the court's calculation, for his time in preparing for trial; and witness Sullivan received $ 60.00 for his per diem and $ 90.00 in travel costs.

■ Absent any additional statutory authority, the court's ability to tax costs is limited by 28 U.S.C.A. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987). One of the items allowed by § 1920(3) is costs for witness fees, but only to the extent of $ 40.00 per-day set by 28 U.S.C.A. § 1821(b). *Id.* Under these statutes, Sullivan's per diem ($ 60.00 for two days) and travel ($ 90.00) costs are permitted; however, Crawford's expense in preparing for trial ($ 1,170.56) is not, with exception of his per diem ($ 80.00 for two days) and travel ($ 28.00 of mileage expense).[1] The court will therefore allow $ 258.00 of the $ 1,355.39 requested by Roadway Express, calculated as follows:

| Description | Amount Claimed | Amount Disallowed | Amount Allowed |
|---|---|---|---|
| Kunz's Services | $ 34.83 | 34.83 | |
| Sullivan's Per Diem | 60.00 | | 60.00 |
| Sullivan's Travel | 90.00 | | 90.00 |
| Crawford's Expenses | 1,170.56 | 1,062.56 | |
| Per Diem | | | 80.00 |
| Travel | | | 28.00 |
| Total | $ 1,355.39 | $ 1,097.39 | $ 258.00 |

## 3. *Enlargement and Copying Charges*

■ Coleman objects to the inclusion of Roadway Express's trial enlargements and photocopying expenses in the cost bill. Roadway Express submits invoices for $ 1,934.91 for outsourced enlargement and copying services performed for trial and an in-house invoice reflecting $ 595.00 of photocopies made during work on Roadway Express's case.

■ 28 U.S.C.A. § 1920(4) specifically allows the recovery of "[f]ees for exemplification and copies of papers *necessarily obtained* for use in the case." (emphasis added). Therefore, the standard for determining whether particular photocopying costs should be awarded is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC v. W & O, Inc.,* 213 F.3d 600, 624 (11th Cir.2000).

The court first finds that, for presentation at trial, the $ 1,934.31 charge for enlargements and color copies was not necessary and that this cost should be borne by Roadway Express. Roadway Express has produced no evidence showing that the issues at trial were of such complexity or novelty that demonstration to the jury of these enlarged documents could not be accomplished just as successfully by presentation of the letter-size originals. While the use of enlargements may illustrate the points of counsel during arguments with increased clarity, their production and use was not "necessary" for

1. Roadway Express notes that Sullivan appeared for two days of trial but the company seeks only $ 60.00.

trial within the meaning of the statute. Therefore, the $ 1,934.91 expense will be disallowed.

The court additionally finds that the $ 595.00 photocopying charge is not sufficiently specific to allow the court to make a determination as to its necessity. The costs of copies made for a variety of reasons during the litigation process may be recoverable. *See Blevins v. Heilig–Meyers Corp.*, 184 F.R.D. 663, 668 (M.D.Ala.1999) However, when the party "fails to respond to the objections to a bill of costs by coming forward with evidence showing the nature of the documents copied and how they were used or intended for use in the case, the court may disallow costs." *Fulton Federal Sav. & Loan v. American Ins. Co.*, 143 F.R.D. 292, 300 (N.D.Ga.1991). Therefore, the court disallows the recovery of this $ 595.00 from Coleman.

### 4. *Deposition Costs*

Coleman challenges the costs claimed for the depositions of Coleman and Nick Slaughter, Coleman's witness, by Roadway Express. Roadway Express has submitted an invoice for $ 910.90 for the two depositions, including charges for the per diem of the stenographer, originals of the transcripts, a travel transcript, and shipping charges.

Under 28 U.S.C.A. § 1920(2), taxable costs may include fees of the court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case." Depositions are included in the phrase "stenographic transcript." *United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963).[2]

In determining whether the cost of a particular deposition is taxable,

"the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case." *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. June 1981) (quoting *Kolesar*, 313 F.2d at 840). "Where the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only, the costs are not recoverable." *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D.Ga. 1993). The determination of necessity is made from the perspective of the litigant at the time of incurring the expense, not from hindsight after trial. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir.1985).

The court finds that both the deposition of Coleman and Slaughter were necessary for trial preparation and possible use at trial. Therefore, the $ 910.90 charge for these two depositions will be allowed.

### C. *Conclusion*

In sum, the court orders that Roadway Express's costs be taxed to Coleman in the amount of $ 1,258.90, calculated as follows:

| Description | Amount Claimed | Amount Allowed |
|---|---|---|
| Service of Process | $ 90.00 | $ 90.00 |
| Witness Fees | 1,355.39 | 258.00 |
| Enlargement & Copying | 2,529.91 | |
| Depositions | 910.90 | 910.90 |
| Total | $ 4,886.20 | $ 1,258.90 |

## II. ROADWAY EXPRESS'S MOTION FOR COSTS AND ATTORNEYS' FEES FOR DEFENDING MOTION FOR NEW TRIAL

The second issue is Roadway Express's motion for costs and attorneys' fees resulting from its defense of Coleman's motion for new trial.

---

**2.** In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

## A. Costs

■ As the "prevailing party" and "unless the court otherwise directs," Roadway Express is entitled, "as of course," to its allowable costs. *See* Fed.R.Civ.P. 54(d)(1). This award includes the costs incurred in its defense of the subsequent motion for new trial. Therefore, the court awards supplementary costs in the amount of $ 146.00, which the clerk of the court charged for reproducing the jury venire lists.

## B. Attorneys' Fees

■ Roadway Express argues that it is also entitled to attorneys' fees incurred in defending the new-trial motion. In suits brought under § 1981 and Title VII, attorneys' fees are authorized by 42 U.S.C.A. § 1988(b) and 42 U.S.C.A. § 2000e–5(k); however, fees may be imposed against a plaintiff only if his claims were "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (Title VII); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1938, 76 L.Ed.2d 40 (1983) (civil rights).

In his motion for new trial, Coleman argued that "African–Americans, which are a distinctive group in the Middle District of Alabama, were systematically excluded from the jury-selection process." He based this contention on the venire in his trial, which was composed of 24 members, 22 of whom were white. The two African–American venire members were numbered near the end of the list, so that they were not reachable with the number of strikes allotted to the respective parties.

■ Of course, a party is not entitled to a jury of any particular composition. *See United States v. Green*, 742 F.2d 609, 611 (11th Cir.1984). A party is entitled, however, to a process by which the jury wheels, pools of names, panels, or venires

from which the petit juries are drawn do not systematically exclude members of a distinct group in the community. *See Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690 (1975). Coleman's evidence concerning the composition of his jury would certainly not be sufficient to establish a prima-facie case of systematic exclusion. However, the court is unable to conclude that his contention, based on the facial make-up of the jury venire, was patently unfounded; in other words, the court believes that jury-venire picture that Coleman saw at trial warranted, at least, a further inquiry to the facts.

In so holding, this court declines to engage in a *post hoc* analysis of whether Coleman's allegations of systematic exclusion were frivolous when filed. Claims and contentions are often filed without the ability or time to flesh out fully their substance. Counsel *is* bound by the certification of Federal Rule of Civil Procedure 11, requiring that claims presented to the court "are warranted by existing law" and that factual allegations "are warranted on the evidence, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Counsel is not required to advance only winning arguments, only to reasonably believe that the arguments could be winning arguments after further study.

In this case, Coleman apparently was aware of the requirements of the law in proving a fault in the jury selection system; he drafted his motion for new trial in a manner that specifically identified "the systematic exclusion" of African–Americans as an element of his contention. After obtaining access to the court's jury pool data and researching the matter further, Coleman found that his contention was not supportable under the law and voluntarily filed a motion to dismiss. This

process indicates an understanding of the law and a realist's view of a defeated position, not a litigant interested in presenting frivolous claims to the court.

The court will deny Roadway Express's request for attorneys' fees for time spent defending Coleman's new-trial motion.

### III.  CONCLUSION

For the above reasons, the court will not allow Roadway Express's attorneys' fees but will allow the company to recover costs in the amount of $ 1,404.90, as follows:

| | |
|---|---|
| Bill of Costs | $ 1,258.90 |
| Posttrial Motion Costs | 146.00 |
| Total | $ 1,404.90 |

Accordingly, it is ORDERED that plaintiff Johnny Coleman's motion for review of costs, filed June 20, 2000, and defendant Roadway Express's motion for costs and attorneys' fees, etc., filed June 19, 2000, are granted and denied to the extent that defendant Roadway Express shall recover court costs in the amount of only $ 1,404.90 from plaintiff Coleman.